UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
        v.                          )    Criminal No. 13-231-3 (ESH)
                                    )
STEPHEN WILLIAMS,                   )
                                    )
                Defendant.          )
_____ )

## MEMORANDUM OPINION AND ORDER

Defendant Stephen Williams, along with others, has been charged with conspiracy to distribute and possession with intent to distribute one hundred grams or more of heroin and five hundred grams or more of cocaine in violation of 21 U.S.C. § 846, a crime punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on August 26, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Aug. 28, 2013 [ECF No. 19].) At the conclusion of the hearing, Magistrate Judge Kay held the defendant pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 4.) Williams thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Motion for Bond, Sept. 11, 2013 [ECF No. 29]; Memorandum in Opposition ("Opp."), September 13, 2013 [ECF No. 31].) The Court held a hearing on the motion on September 20, 2013, at which the Court issued an oral ruling denying defendant's motion. (*See* Hearing Transcript ("Tr.") at 14.) This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that defendant Williams has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor continued detention. The grand jury found that there is probable cause to believe that Mr. Williams was part of a conspiracy to distribute and possession with intent to distribute cocaine and heroin, in violation of the Controlled Substance Act, which is punishable by ten years to life. *See* 21 U.S.C. §§ 841, 846. The evidence shows that Mr. Williams regularly visited—and may have resided at— a home in Northwest D.C. where law enforcement found narcotics, a weapon, and at least two scales (a tool regularly used in the narcotics trade) following his arrest. (*See* Opp. at 4; Tr. at 6-7.)[1] The problematic nature and circumstances of the offense are further magnified by the fact that Mr. Williams brought a minor child to a drug transaction. (*See* Det. Mem. at 1-2).

*Second*, the weight of the evidence strongly favors continued detention. On the day of Mr. Williams's arrest, law enforcement observed him visiting the home of Mr. Curtis Malone, a co-defendant and alleged co-conspirator. (*Id.*) Mr. Williams left Malone's with a black bag. (*Id.*) During a traffic stop,[2] law enforcement found $20,000 in cash in Mr. William's vehicle, which is obviously a very large amount of cash for one who works as a delivery driver, and a kilogram of cocaine wrapped in greenish cellophane in the black bag. (*Id.*) An identical cellophane wrapped kilogram of cocaine was found in Mr. Malone's home where other narcotics and a weapon were found. While Mr. Williams argues that he only became a subject of the government's

---

[1] The defense argues that Mr. Williams never resided at this Northwest D.C. home. (Bond Motion at 3; Tr. at 2-3.) In the Court's view the government has produced sufficient evidence that Mr. Williams resided—or at least spent significant time—at the home where weapons and drug paraphernalia were found. (Tr. at 3.) This evidence includes photographs of Mr. Williams at the home, paternity paperwork listing Mr. Williams as the father of a child whose mother resided at the home (though Mr. Williams' address was listed at a home in Southeast D.C.), and geolocational data demonstrating Mr. Williams' regular presence at the home early in the morning indicating that he resided there overnight. Law enforcement also directly observed Williams departing the residence on a number of occasions. (*See* Opp. at 4-5, n.2.)

[2] Defendant notes that the traffic stop may have constituted an illegal search. (Bond Motion at 3.) However, the Court may not consider whether evidence will be suppressed for purposes of this motion. *See, e.g.*, *United States v. Acosta*, 769 F. Supp. 184, 186-87 (E.D. Pa. 1991).

investigation on August 9—the day of his arrest—the government proffered at the hearing that Mr. Williams was known to the government "at least as early as July," citing July telephone conversations and a visit between Mr. Williams and Mr. Malone. (Tr. at 6.) Collectively, this evidence strongly implicates Mr. Williams' participation in a large-scale narcotics conspiracy.

*Third,* defendant's history and characteristics further favor his continued detention. Despite Mr. Williams' present employment and longstanding residence in the community, Mr. Williams' prior criminal record is significant. He has been convicted of possession of a controlled substance and drug paraphernalia, attempted unlawful possession of ammunition, carrying a pistol without a license, a felony Bail Reform Act violation, contempt, and fleeing from a law enforcement officer. (Det. Mem. at 3; Opp. at 8-9.) In the Court's view, these convictions provide more than sufficient evidence of risk of flight, which the government only needs to show by a preponderance of the evidence. *See United States v. Vortis*, 785 F.2d 327, 330 (D.C. Cir. 1986).

*Fourth*, defendant's potential danger to the community favors his continued detention. Williams has been indicted as a member of a large-scale narcotics conspiracy, which constitutes a serious threat to the community. (Det. Mem. at 3-4.) The search of the Northwest D.C. home also resulted in the discovery of a weapon and ammunition. The Court agrees with Magistrate Judge Kay that "[b]ased on the daily violence and shooting that occurs in the District of Columbia as a result of drug trafficking, the combination of sufficient quantities of drugs to engage in large-scale sales and the presence of a weapon and ammunition at his residence are sufficient to find that [the defendant] poses a danger to the community." (*Id.*)

Considered together these factors show that Mr. Williams cannot overcome the law's presumption against pretrial release. Therefore, for the foregoing reasons, defendant's motion

for reversal of the Magistrate Judge's order of detention is hereby **DENIED**.  In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

    **SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 23, 2013